No. 21305.

A.B.R. Distributors, Inc., a corporation v. Sterling Properties, and Harry M. Sterling.
(423 P.2d 1)

Decided January 30, 1967.

William J. Hewitt, for plaintiff in error.

Sterling and Sterling, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

We will refer to the plaintiff in error as A.B.R. and to the defendant in error as Sterling. We will refer to one John Pettingill, who was a defendant in certain law suits instituted against him by both A.B.R. and Sterling, as Pettingill.

A.B.R. was a judgment creditor of Pettingill. In an attempt to execute on a judgment, A.B.R. instituted garnishment proceedings, and served a summons on Sterling, in which it was sought to determine whether Sterling was indebted to or held any property belonging to Pettingill. Sterling answered the summons, stating that he had in his possession property of Pettingill, but that it was being held subject to a contractual lien granted in a lease pertaining to Sterling's premises previously occupied by Pettingill. Pettingill had defaulted on his obligation on the lease, and Sterling had instituted a forcible entry and detainer action in which he had obtained judgment for possession of the premises, and for $300, a portion of the rent for the month in which the default occurred. Sterling's answer further stated that Pettingill was possibly liable to Sterling in the sum of $2450 and that the lien provided for in the lease as security was superior to the execution lien of A.B.R.

A traverse to the answer was filed, and a trial was had to the court. The questions presented and resolved by the court adverse to A.B.R. were: 1. Whether Pettingill was the tenant and was liable to Sterling on the lease; and 2. whether the lien provision "for all rentals due or to become due" was such as to give Sterling a lien to secure "damages" by virtue of the breach of the covenant to pay rent.

The court found that Pettingill was the tenant and obligated on the lease, and that Sterling had a valid and

prior lien on the property seized at the time of the forfeiture of the lease. It dismissed the garnishment. To this judgment A.B.R. brings writ of error.

■ On the first issue, A.B.R. contends that the lease was between Sterling and Pettingill as "manager" for "Heritage Enterprises, Inc., a corporation to be formed," and he therefore was not personally liable on the lease. On this issue the trial court heard testimony and determined that Pettingill was a promoter for the proposed corporation; that he had personally entered into the lease and occupied the premises; that he was the owner of the property seized by Sterling pursuant to the lease; and that the corporation had not as yet come into existence. These findings of the trial court are supported by the record. We will not disturb them on review.

On the issue whether the lien "for rentals" covers the damages for breach of the covenant to pay rent, A.B.R. contends that by bringing the forcible entry and detainer action upon the first default to pay rent, the lease was terminated and "rental" thereon was no longer due. It argues that $350 per month for five months, during which the premises remained vacant and which Sterling recovered in a suit for damages against Pettingill, were not "rentals" as provided for in the lease, and that the lien could not be enforced to secure the payment of the damages.

■ This court has decided this very question in the case of *Illinois Building Company v. Patterson*, 91 Colo. 391, 15 P.2d 699. On the authority of that case holding that the lien is valid under circumstances similar to the case at bar, we hold that the trial court was correct in its determination of that issue.

The judgment is affirmed.